DRISCOLL *v.* BUETTNER ET AL.

(Decided January 19, 1931.)

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart* and *Mr. Geo. Wm. Cottrell,* for plaintiff in error.

*Messrs. Reed & Hazelwood* and *Messrs. Holliday, Grossman & McAfee,* for defendants in error.

HORNBECK, J.   We refer to the parties as they appeared in the trial court, wherein Carl Buettner was

the plaintiff and James B. Driscoll and Charles E. Shourek were joint defendants. The action was for damages for personal injuries. The case was submitted to a court and jury, verdict returned for the plaintiff in the sum of $2,000, and judgment entered thereon. From this judgment these proceedings in error are prosecuted.

In this court but two grounds of error are urged: First, failure of the trial court to give instruction No. 1, requested by counsel for defendant Driscoll, in writing, before argument; and second, failure of the court, after having refused to give the special charge, to incorporate the subject-matter or a substantial equivalent thereof in the general charge.

The collision out of which this action arose occurred about seventy feet east of an intersection where East Forty-Second street comes into Washington Park Boulevard from the south. Plaintiff was a passenger in an automobile driven by L. S. Daniels, which car was proceeding westwardly on Washington Park Boulevard and following a car driven by defendant Shourek. Shourek desired to drive into East Forty-Second street, which necessitated a left turn, and it was claimed that he failed to give any signal of his purpose to make the turn into East Forty-Second street, and that he was negligent in other particulars. Defendant Driscoll was driving eastwardly on Washington Park Boulevard and approaching East Forty-Second street, and at this intersection of the streets the left rear bumper of the Driscoll car came into collision with the left front wheel of the Shourek car, and thereafter the Driscoll car, probably because of the impact, veered and traveled in a southeasterly direc-

tion toward the southern curb of Washington Park Boulevard, and thence directly across the boulevard to the north where it struck the car in which plaintiff was riding.

There were six specifications of negligence asserted against defendant Driscoll: Violation of Section 12603, General Code, in driving at a rate of speed faster than was reasonable and proper; driving without due regard of the life and property of plaintiff; failing to have his car under control; operating his car on the wrong side of the public thoroughfare; failing to divert the course of his car and have the same under control so as to avoid striking the car in which plaintiff was seated; failing to operate his car in a lawful and proper manner, taking into consideration the width of the road, traffic conditions, and other circumstances at the time and place.

Among other things it was claimed by defendant Driscoll that he was driving at a moderate rate of speed as he approached East Forty-Second street at about fifteen miles an hour; that suddenly Shourek turned from his westwardly course to his left and continued moving toward East Forty-Second street; that Shourek was in the line of Driscoll's path and in such proximity to him, being about thirty feet away, according to Driscoll's testimony, that a situation of peril was presented. Upon this claim the special charge which is the subject of consideration was tendered before argument. The charge reads:

"The court charges you, as a matter of law, that in considering the conduct of the defendant Driscoll, from and after the time that the defendant Shourek was seen by defendant Driscoll to be turn-

ing his automobile to the left, if you so find, you will take into account the law of the State of Ohio, which is, that when a person without his fault is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said, as a matter of law, that he is guilty of negligence because he fails to make the most judicious choice between the hazards presented, or would have avoided the accident if he had chosen differently. The question in such case is not what a careful person would do under ordinary circumstances, but what a careful person would be likely to do, or might be reasonably expected to do in the presence of the existing peril, and this question is one of fact for you to determine.''

Without quoting or discussing the evidence in detail, suffice to say that in one view of the testimony, if true, especially as given by Driscoll, the condition which confronted him as he approached East Forty-Second street was such as to put him without his fault in a perilous situation. Thus the charge, if it permitted the jury to determine from the evidence whether or not he actually was in a perilous position, was sound and should have been given. The record presented evidence from which reasonable minds might come to different conclusions on this disputed question.

It was reversible error on the part of the court to refuse to give this charge if it is sound at law, pertinent in all particulars to the issues, and properly safeguards the rights of all parties. We believe that the instruction, though taken from the syllabus of *Pennsylvania Rd. Co.* v. *Snyder,* 55 Ohio St., 342,

45 N. E., 559, 60 Am. St. Rep., 700, would have been in this case in the form presented unfair to the plaintiff, for the reason that it did not expressly make plain to the jury that it was to determine as a question of fact whether or not Driscoll was in a position of peril, or had reasonable ground to believe that he was in a position of peril, as he approached the Shourek car at East Forty-Second street. The charge reserved to the jury the right to determine as a fact whether Driscoll saw Shourek turning his automobile to the left, and, if it so found, to make it the basis upon which it should apply the law of judicious choice between hazards. This is the language of the court: "The court charges you as a matter of law that considering the conduct of defendant Driscoll from and after the time defendant Shourek was seen by defendant Driscoll to be turning his automobile to the left if you so find," etc.

But this language does not leave to the jury a determination of the further question whether or not the situation as found presented a position of danger to Driscoll. As the charge is framed, the jury might properly have concluded that after it had found those facts to exist, which are mentioned in the part of the charge just quoted, it would follow as a matter of law that Driscoll was facing a perilous situation. The particular wherein the charge is misleading was vital in this case because much of the testimony tended to show that Driscoll was in no perilous situation; that he was driving entirely too fast; that Shourek had come to a stop at the proper place in the intersection; and that Driscoll had ample room in the exercise of ordinary care to pass him in safety.

We, therefore, are of the opinion that the court committed no prejudicial error in refusing to give this special charge as tendered.

It is further claimed that the court refused to incorporate in its general charge the substance of the principle enunciated in the special charge. We are of opinion that the general charge as given, though not stressing the principle enunciated in the phraseology of the special charge, did sufficiently put the jury on notice that it might consider the situation with which Driscoll claimed to be confronted as he approached the Shourek car. In the last analysis the conduct of defendant Driscoll was to be judged in the light of ordinary care under the attendant circumstances with which he was confronted at the time of the first as well as the second collision. In that respect the court said:

"You are instructed that negligence is defined to be the want of ordinary care, that is, the lack of such care as an ordinarily prudent person would exercise under like circumstances. There is no precise definition of 'ordinary care,' but it may be said that it is such care that an ordinarily prudent person would exercise under like circumstances and should be proportionate to the danger surrounding the circumstances of a particular case in which it is exercised."

This case involving as it did two defendants, with separate answers, was somewhat difficult to try, and it was somewhat difficult to properly present all phases of the law. We have carefully examined the record and find that no manifest prejudicial error intervened against defendant Driscoll by reason of

the failure to give the special instruction and the proposition of law requested at the conclusion of the general charge.

The judgment will therefore be affirmed.

*Judgment affirmed.*

KUNKLE and FARR, JJ., concur.

Judges KUNKLE and HORNBECK, of the Second Appellate District, and Judge FARR, of the Seventh Appellate District, sitting by designation in the Eighth Appellate District.